UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HELENA AGRI-ENTERPRISES, LLC                                                            PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:24-CV-548-DPJ-ASH

K&K FARMS, JOSEPH PEYTON KING,
INDIVIDUALLY, and
WANDA B. KING, INDIVIDUALLY                                                           DEFENDANTS

ORDER

Plaintiff Helena Agri-Enterprises, LLC, asks the Court to sever its claims against Defendant Wanda B. King under Federal Rule of Civil Procedure 21. Mot. [18]. Helena hopes to proceed against Wanda King unencumbered by the bankruptcy stay in place as to Defendant Joseph Peyton King, d/b/a K&K Farms. For the reasons below, the Court grants the motion.

I.     Facts and Procedural History

Because Defendants never responded to Helena's motion, the facts before the Court are those Helena alleged in its Complaint. Helena says Defendants breached three agreements, a Finance Loan Agreement [1-1] and two Guaranty Agreements [1-2], [1-3]. Compl. [1] ¶¶ 9, 17, 21. Helena's loan agreement advanced funds to Joseph King and his business, K&K Farms. *Id.* ¶ 7. Helena then secured that loan through separate guaranty agreements with Joseph and Wanda. *Id.* ¶¶ 15–16, 19. Joseph and K&K Farms defaulted, *id.* ¶¶ 9–10, and neither Joseph nor Wanda honored their duties under the guaranty agreements, *id.* ¶¶ 16, 21. Thus, Defendants together owe $99,999.70 plus interest and various costs. *Id.* ¶¶ 13, 21.

Helena sued on September 13, 2024, and Defendants answered on October 9, 2024. But before they answered, Joseph and K&K Farms filed for bankruptcy protection, thus triggering an automatic stay under 11 U.S.C. § 362. Based on that, Magistrate Judge Andrew S. Harris

entered a text order staying the case as to Joseph King and K&K Farms. *See* Text Order (dated 12/13/2024). Considering that stay, Judge Harris entered another text order instructing Helena to move to sever its claims against Wanda. *See* Second Text Order (dated 12/13/2024). Helena now seeks severance under Rule 21. Pl.'s Mem. [19] at 3. Defendants neither responded nor sought an extension of the now-expired deadline. Diversity jurisdiction has been adequately alleged in the Complaint.

II. Standard

A district court has "broad discretion" to sever parties or claims under Rule 21. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see* Fed. R. Civ. P. 21 ("The court may . . . sever any claim against a party."). When a claim is severed under Rule 21, two separate actions result, each proceeding as a "discrete, independent action," and the presence of unresolved claims in one of the actions does not preclude a final judgment in the other action. *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992) (citing *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)).

The Fifth Circuit lists five factors for considering a Rule 21 motion to sever:

(1) whether claims arise out of the same transaction, occurrence, or series of transactions or occurrence[s]; (2) whether the claims present common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Def. Distributed v. Bruck*, 30 F.4th 414, 431 (5th Cir. 2022) (citing cases).

III. Analysis

Factors one, two, and five tend to weigh against severance, as all claims arise out of the same alleged breaches of contract. But the Court finds that factors three and four weigh more heavily in favor of severance. For instance, when Joseph filed for bankruptcy, he triggered

Section 362's automatic stay. But the automatic stay does not apply to Wanda because she is a non-debtor. *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) (holding that the bankruptcy stay does not apply to non-debtors). Though Helena admits that it could voluntarily dismiss Joseph and K&K Farms, doing so would risk Helena falling into a "finality trap." Pl.'s Mem [19] at 7 n.6. This occurs when a final judgment cannot be entered due to the potential for a party dismissed without prejudice to re-enter the case. *Williams v. Seidenbach*, 958 F.3d 341, 344 (5th Cir. 2020). Instead, severance allows Helena to pursue its claims against Wanda separately from Joseph and K&K Farms. *Cmty. Home Fin. Servs., Inc. v. Edwards Fam. P'ship, LLP*, No. 3:12-CV-252-CWR-LRA, 2013 WL 1336505, at *1 (S.D. Miss. Mar. 29, 2013) (severing claims under similar facts) (citing *O'Neil*, 709 F.2d at 368).

Granting Helena's motion will both remove the threat of prejudice from the "trap" and expedite resolution of Helena's claims, thus promoting judicial economy. And because Defendants did not respond to the motion [18], the Court knows no potential prejudice Defendants might incur. Indeed, the Court could have granted this motion as unopposed under Uniform Local Rule 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."). The Court will therefore grant the motion.

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not change the outcome. For the reasons above, the Motion to Sever [18] is granted. The Clerk of this Court is directed to sever this case into two separate civil actions as follows:

*Helena Agri-Enterprises, LLC v. Wanda B. King, Individually*, to proceed under a new docket number, assigned to the same judges,

and

3

*Helena Agri-Enterprises, LLC v. K&K Farms and Joseph Peyton King, Individually*, continuing under the present docket number.

**SO ORDERED AND ADJUDGED** this the 19th day of February, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE